**DIAN LIANG JIANG, Petitioner,**

v.

**Alberto GONZALES, Attorney General for the United States, Respondent.**

No. 04–0299–ag.

United States Court of Appeals, Second Circuit.

June 14, 2007.

Karen Jaffe, New York, NY, for Petitioner.

Michael F. Iasparro, Assistant United States Attorney (Edmond C. Chang, Craig A. Oswald, Assistant United States Attorneys, on the brief), for Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Chicago, IL, for Respondent.

Present: ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges, and LEONARD B. SAND,* District Judge.

## SUMMARY ORDER

Petitioner Dian Liang Jiang, a native and citizen of the People's Republic of China, seeks review of a December 24, 2003, decision of the Board of Immigration Appeals ("BIA"), affirming the August 29, 2002, decision of immigration judge ("IJ") Robert D. Weisel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dian Liang Jiang*, No. A. 77 309 209 (B.I.A. Dec. 24, 2003), *aff'g* No. A. 77 309 209 (Immig. Ct. N.Y. City Aug. 29, 2002). We assume the parties' familiarity with the facts, procedural history, and specification of issues on review.

Where, as here, the BIA summarily affirms the IJ's decision, we review the decision of the IJ as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). This court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). "We review de novo IJs' findings concerning the legal sufficiency of the evidence, as they present questions regarding the application of law to fact." *Edimo–Doualla v. Gonzales*, 464 F.3d 276, 281 (2d Cir.2006).

■ The IJ's decision in this case relied in part on Jiang's failure to supply meaningful corroboration. In particular, the IJ found it troubling that Jiang did not pro-duce an affidavit from his parents. It appears, however, that petitioner did have evidence to corroborate his account, although this evidence may not have been produced because of neglect by an attorney whose conduct in immigration matters is now the subject of general concern. During his hearing, Jiang testified that he received a letter from his parents and turned that letter over to his attorney, Karen Jaffe. Last year, on July 13, 2006, this court issued an order directing that Jaffe be relieved as counsel in all cases in which she had filed an appearance but not yet filed a brief. Although that order does not apply directly to this case, under the circumstances, we remand to afford the agency an opportunity to reconsider its determination upon review of the evidence. Remanding to give the petitioner an opportunity to furnish corroborating documents will also enable the IJ to reexamine his adverse credibility determination in light of the corroboration, if any, that petitioner may furnish, and such cases as *Secaida–Rosales v. INS*, 331 F.3d 297, 309–10 (2d Cir.2003) and *Ming Xia Chen v. BIA*, 435 F.3d 141, 145 (2d Cir.2006).

■ Jiang's withholding and CAT claims are deemed waived, because he failed to raise them in his brief to this court. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

Accordingly, the petition for review is **GRANTED,** the decision of the BIA is **VACATED,** and the case is **REMANDED** for further proceedings consistent with this order.

---

* The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.